# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON E. BEEKS, and J.B., a minor, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 17-cv-3265-JES-JEH |
| AMERICAN FAMILY INSURANCE COMPANY, and MICHAEL ORTH, | ) |
| Defendants. | ) |

## ORDER AND OPINION

Now before the Court is a Motion to Remand (Doc. 16) by Plaintiffs Beeks and J.B. For the reasons set forth below, Plaintiff's Motion to Remand (Doc. 16) is GRANTED and this action is remanded to the Circuit Court of the Fourteenth Judicial Circuit in Rock Island County for further proceedings.

### BACKGROUND

Plaintiffs originally filed this action pro se in the Circuit Court of the Fourteenth Judicial Circuit in Rock Island County on August 1, 2017, naming as Defendants American Family Insurance Company ("AFIC") and Michael Orth. Shortly thereafter, Plaintiffs obtained counsel. The essence of Plaintiffs' complaint is that AFIC wrongfully denied their claim under a homeowner's insurance policy issued by AFIC to Plaintiffs. On November 14, 2017, AFIC removed this action to the United States District Court for the Northern District of Illinois on the basis of diversity jurisdiction.[1] Defendant Orth is an Illinois citizen, but Defendants asserted in

---

[1] Because Rock Island County falls within the geographic bounds of the Central District of Illinois, the case was transferred from the Northern District to this District on November 16, 2017. See 28 U.S.C. §§ 1406, 1441.

1

their Notice of Removal that Orth was fraudulently joined to destroy diversity jurisdiction. Doc. 1.

Following the transfer to this District, Defendants filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 13. Thereafter, Plaintiffs filed a Motion to Remand, wherein they argue that removal was improper because diversity of citizenship is not present. Doc. 16. Specifically, Plaintiffs assert that Orth, an Illinois citizen, issued the declaration page of the insurance policy central to this dispute. According to Plaintiffs, Orth may be liable to them because he actually issued two declaration pages—one for the real estate closing, and the second, with a more limited amount of coverage, that was actually delivered.

Plaintiffs then filed an amended complaint. Doc. 20. As it relates to Defendant Orth, Plaintiffs' amended complaint states as follows:

> The closing on the purchase of the home … took place in Moline, Illinois. To close on the loan Beeks obtained to purchase the property, Beeks was required to produce evidence of insurance on the property. To that end, Orth issued a declaration page which listed several Options/Endorsements. The Fungi or Bacteria Exclusion (END 595 ED 6/02) was not listed on the declaration page as issued. Subsequently and unknown to Beeks, Orth changed the policy and did add the Fungi or Bacteria Exclusion (END 595 ED 6/02). The effect of this was to try [to] eliminate coverage for personal injury/ medical expense coverage for the members of the household who were injured as a result of the occurrence in question. This was a failure to exercise ordinary skill and reasonable care towards Beeks and was an affirmative role in American Family's wrongful denial of coverage. When Beeks realized that the damage to the home was a result of the wind/hail storm of August 2, 2015, he contacted Orth and requested that he reopen that claim. Orth refused stating that the American Family's adjusters were correct and that American Family's denial of that claim will stand Orth and thereby [*sic*] played an affirmative role in American Family's wrongful denial of the claim. Additionally, Beeks communicated with American Family through Orth and Orth played an affirmative role in American Family's decision to deny coverage.

Doc. 20, at 5–6 (so in original).

Defendants filed a Response to Plaintiffs' Motion to Remand, arguing that (1) Plaintiffs' Motion to Remand should be limited to the facts asserted in the original complaint, and (2) Defendant Orth was fraudulently joined because Plaintiffs fail to allege a cause of action against him. Doc. 21.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. Section 1332(a)(1) confers upon district courts jurisdiction to hear state law claims when complete diversity of citizenship exists between the parties: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Thus, "§ 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). When a plaintiff files a civil action in state court, "§ 1441 gives defendants a corresponding opportunity." *Id*. Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

While both § 1332 and § 1441 allow parties to invoke a federal court's diversity jurisdiction, "[t]he scales are not evenly balanced." *Id*. at 89–90. This is so because an in-state plaintiff may use § 1332 to establish diversity jurisdiction, but § 1441(b) bars defendants from removing an action to federal court on the basis of diversity if they are citizens of the state in which the action is brought. *Id*. at 90. Additionally, § 1446 places several procedural restrictions on removal. See 28 U.S.C. § 1446.

Jurisdiction of the court generally depends upon the state of things at the time the action is brought. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). An exception to this rule is applied when a party is "fraudulently joined." Fraudulent joinder may be found where a litigant makes "false allegations of jurisdictional fact," but is more commonly found where a plaintiff makes "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

## DISCUSSION

*(1) Fraudulent Joinder does not Require Intent*

Plaintiffs first argue in their Motion to Remand that, despite Defendants' assertions to the contrary, Orth was not fraudulently joined. Doc. 16, at 1–2. This is so because "[t]he complaint was again a pro se complaint filed by two adults who had no idea what was federal diversity jurisdiction and no motive to destroy federal jurisdiction could be ascribed to them." *Id*. at 2. Therefore, Plaintiffs assert, "[t]he removal cannot be sustained on this ground." *Id*. However, the fraudulent joinder doctrine encompasses more than a plaintiff's subjective motive in naming an in-state defendant. Indeed, the doctrine is more often applied where a plaintiff makes "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos*, 959 F.2d at 73. Thus, Plaintiffs' reliance the intent of the then-pro se litigants is misplaced.

*(2) Plaintiffs' Failed to Comply with the Local Rules*

Plaintiffs' Motion also fails to comply with this Court's Local Rule 7.1(B)(1), which provides that "[e]very motion raising a question of law … must include a memorandum of law including a brief statement of the specific points or propositions of law and supporting

4

authorities upon which the moving party relies, and identifying the Rule under which the motion is filed." C.D. Ill. L.R. 7.1(B)(1). Here, Defendants stated in their Notice of Removal that Orth's citizenship should be disregarded for the purposes of determining federal diversity jurisdiction, and cited to *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999), in support. Doc. 1, at 2. In *Schwartz*, the Seventh Circuit affirmed the district court's finding that the nondiverse automobile insurance agent was fraudulently joined as a defendant with the out-of-state insurer to defeat diversity jurisdiction. *Id*. at 878–879. However, rather citing to any authority to support their position or addressing the facts or reasoning in *Schwartz*, Plaintiffs simply state in their Motion that *Schwartz* "deals with Indiana law not Illinois law." Doc. 16, at 2. Indeed, *Schwartz* not only deals with Indiana law, it deals with a different type of insurance (automobile) from the present case, and a different insurer. But why should any of those distinctions matter? That is counsel's burden to explain, and an obligation the Court made explicit in Local Rule 7.1(B)(1). Having failed to develop their argument, the Court would normally consider it waived and deny the motion. However, because the Court has an independent obligation to inquire into its subject matter jurisdiction, it must determine whether Orth was fraudulently joined. *Webb v. Fin. Indus. Regulatory Auth., Inc.*, No. 17-2526, 2018 WL 2111883 (7th Cir. May 8, 2018) (citing *Smith v. American Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003), *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938)).

*(3) The Fraudulent Joinder Analysis is Limited to the Assertions in the Original Complaint*

Diversity jurisdiction is not present based on Plaintiffs' complaints or the Notice of Removal, but under the fraudulent joinder doctrine, this Court may "assume initial diversity jurisdiction upon removal from state court despite the presence of nondiverse parties." *Schur v.*

*L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). When a case is originally filed in federal court, "[j]urisdiction of the court depends upon the state of things at the time the action is brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). In the context of cases removed from state court, "jurisdiction depends on the situation at the time of removal." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993), *holding modified by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939). Therefore, the Court agrees with Defendants that the fraudulent joinder inquiry is usually limited to the factual assertions in the plaintiff's complaint at the time of removal. See *Lynch Food, Inc. v. Ford Motor Co., Inc.*, 934 F. Supp. 1005, 1007 (N.D. Ill. 1996); *Poulos*, 959 F.2d at 74; *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002).

*(4) Plaintiffs Fail to State a Claim Against Orth in their Original Complaint*

Plaintiffs' original complaint alleges only that Beeks purchased the policy from Orth and that AFIC and Orth "acted in bad faith in protecting [Plaintiffs'] family from loss of use by delaying responses to claim inquiries, responses to allow evidence to be introduced, and responses regarding property loss not allowing [Plaintiffs] to seek proper counsel in settling above said loss.…" Doc. 1-1 at 4, 7. Significantly, Plaintiffs' original complaint makes no allegation that Orth issued two different policies, or that Orth did anything but act as the messenger for AFIC. *Cf.* Amended Complaint, Doc. 20, at 5–6. Defendants cite two cases in their Response to the Motion to Remand: *Cummings Foods, Inc. v. Great Cent. Ins. Co.*, 108 Ill. App. 3d 250, 256 (4th Dist. 1982), and *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). Defendants argue that these cases hold that an agent who denies a claim on the

6

same basis as the insurer who asserted a policy defense within the policy language does not act in bad faith or unfairly. Doc. 21, at 3. The Court agrees that, based on the allegations in Plaintiffs' original complaint, Plaintiffs have not stated a claim against Orth for bad faith denial of insurance coverage. See *Schwartz*, 174 F.3d at 878 (noting that the plaintiffs "have not cited a single case from any jurisdiction, let alone Indiana, which has recognized individual liability for bad faith denial of an insurance claim").

*(5) Nevertheless, Remand is Appropriate*

Plaintiffs' second argument in support of remanding the action to state court is as follows:

> [A]t this stage of the proceedings, it cannot be said that there is "no possibility that a state court would rule against the in state defendant". According to the exhibits attached to the complaint, Michael Orth authored the declaration page of the policy outlining the coverages afforded by the policy. He actually issued two different declaration pages: one at the real estate closing of the purchase on the property by plaintiff Beeks and another for the actual policy delivered. The second afforded a more limited amount of coverage. This gives rise to the possibility that Orth committed some error or omission that was the contact with the plaintiffs concerning this claim the go between the plaintiffs and American Family and this may create liability on his part as an agent of American Family.

Doc. 16, at 2 (so in original). In their amended complaint, Plaintiffs allege that Orth "had a duty to exercise reasonable skill and reasonable ordinary care in procuring and maintaining insurance for Beeks" and "Beeks relied on Orth to procure the broadest coverage to property and any liability that might result from conditional [*sic*] on the property." Doc. 20, at 2. Plaintiffs further allege that Orth changed the policy to add the Fungi or Bacteria Exclusion. *Id*. at 5. According to Plaintiffs, "[t]he effect of this was to try [to] eliminate coverage for personal injury/ medical expense coverage for the members of the household who were injured as a result of the occurrence in question." *Id*. The amended complaint goes on to state that "[t]his was a failure to exercise ordinary skill and reasonable care towards Beeks and was an affirmative role in American Family's wrongful denial of coverage." *Id*. at 6.

7

Plaintiffs never actually identify the specific cause of action against Orth, but it is clear that counsel is attempting to plead a claim of negligence against Orth for failing to exercise ordinary care and skill in procuring coverage for Beeks. "Generally, to state a cause of action for negligence, plaintiff must show that defendant owed plaintiff a duty, defendant breached that duty, and defendant's breach was the proximate cause of plaintiff's injury." *Office Furnishings, Ltd. v. A.F. Crissie & Co.*, 2015 IL App (1st) 141724, ¶ 21, 44 N.E.3d 562, 567 (citing *Hills v. Bridgeview Little League Ass'n,* 195 Ill.2d 210, 228, 253 Ill.Dec. 632, 745 N.E.2d 1166 (2001)). Although neither Party cites the statute or the case, the Illinois Supreme Court recently decided that a person required to be licensed to sell insurance has a duty to exercise ordinary care and skill in renewing, procuring, binding, or placing coverage requested by the insured or proposed insured. *Skaperdas v. Country Cas. Ins. Co.*, 2015 IL 117021, ¶ 43, 390 Ill. Dec. 94, 28 N.E.3d 747, 757 (citing 735 ILCS 5/2–2201 (West 2010)). However, that duty arises only after the insured makes a specific request for coverage. *Id*. ("Section 2–2201(a) only imposes a duty of ordinary care after a specific request is made."); *Cummings Foods*, 108 Ill. App. 3d at 256; *Moore ex rel. Moore v. Johnson Cty. Farm Bureau*, 343 Ill. App. 3d 581, 586, 798 N.E.2d 790, 794 (5th Dist. 2003) (finding that insurer owed no duty to the insured to determine what would constitute "adequate" insurance coverage and to provide coverage in that amount, regardless of whether the insured made such a request).

Here, Plaintiffs' allegation that "Beeks relied on Orth to procure the broadest coverage to property and any liability that might result from conditional [*sic*] on the property" is insufficient to establish a duty under *Skaperdas*. Doc. 20, at 2. However, Plaintiffs also allege that the declaration page Orth provided to Beeks at the closing was different than the one later provided to him because the first declaration page Orth provided did not contain the Fungi or Bacteria

8

Exclusion. *Id*. at 5. Defendants argue that because "Plaintiffs do not allege that Beeks specifically requested coverage for mold," Orth "could not have breached a duty to obtain such coverage." Doc. 21, at 5. The Court disagrees—regardless of whether Beeks requested mold coverage, once the policy was put in place, Orth had a duty to not add exclusions to the policy which reduced coverage without informing the insured and obtaining his consent. The allegation that Orth added an exclusion to the policy after it was issued and without Beeks' knowledge or consent is sufficient to plead duty and breach of duty to exercise ordinary care and skill in renewing, procuring, binding or placing coverage. See *Skaperdas v. Country Cas. Ins. Co.*, 2015 IL 117021, ¶ 43, 390 Ill. Dec. 94, 28 N.E.3d 747, 757; 735 ILCS 5/2–2201 (West 2010).

Defendants also argue that Plaintiffs failed to allege an injury resulting from the alleged breach because their complaints do not allege that they ever submitted a claim to AFIC for medical or personal injury expenses not covered under the Fungi or Bacteria Exclusion, or that their claim was otherwise denied based on the Fungi or Bacteria Exclusion. Again, it is unclear from Plaintiffs' poorly-drafted amended complaint whether Beeks ever submitted a claim to AFIC for medical expenses. Inexplicably, neither Party saw fit to provide the Court with the language of the very exclusion at issue. Perhaps the claim for medical expenses or the language of the Fungi or Bacteria Exclusion was included in the exhibits Plaintiffs attached to their original complaint in state court. The Court can only guess, since Defendants failed to file those exhibits with the Notice of Removal, as required under 28 U.S.C. § 1446(a). But at this stage of the proceedings, after resolving all issues of fact and law in favor of Plaintiffs, the amended complaint establishes a claim for negligence against Orth. See *Poulos*, 959 F.3d at 73.

In sum, based on Plaintiffs' amended complaint, the Court cannot say that Plaintiffs' claim against the in-state Defendant has "no chance of success." *Poulos*, 959 F.2d at 73. And

9

while the fraudulent joinder analysis may be limited to the allegations in the complaint at the time of removal, multiple considerations weigh in favor of remanding this action to state court. The first consideration is judicial economy: by dismissing Orth and allowing the case to proceed against AFIC only, Plaintiffs will be required to initiate a parallel proceeding in state court against Orth. Second is the risk of inconsistent judgments: by allowing parallel proceedings in state and federal court, the Parties run the risk of different courts making conflicting findings and inconsistent judgments. Third is the fact that nothing prevents Plaintiffs from seeking post-removal joinder of Orth. Rule 15 of the Federal Rules of Civil Procedure requires Plaintiffs to seek leave to amend their complaint, but the Court must grant leave to amend "when justice so requires." At this stage of the proceedings, the Court would allow Plaintiffs to amend their complaint to cure the pleading deficiencies identified above. At that point, Rules 19 and 21 of the Federal Rules of Civil Procedure, together with 28 U.S.C. § 1447(e), would allow Plaintiffs or the Court to join Orth as a party, thus necessitating remand to state court. See also *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837, 109 S. Ct. 2218, 2225, 104 L. Ed. 2d 893 (1989) ("Newman–Green should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity."); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Therefore, Plaintiffs' Motion to Remand is granted, and this action is remanded to the Circuit Court of the Fourteenth Judicial Circuit in Rock Island County for further proceedings.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. 16) is GRANTED and this action is remanded to the Circuit Court of the Fourteenth Judicial Circuit in Rock Island County for further proceedings. This matter is now terminated.

Signed on this 21st day of May, 2018.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge